**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FREDERICK CHILDRESS, )<br>)<br>Plaintiff, )<br>) NO.<br>vs. ) FILED: NOVEMBER 5, 2008<br>) 08 CV 6364<br>CHICAGO POLICE OFFICERS ) JUDGE DOW<br>KEITH HERRERA, STAR NO. 17289, ) MAGISTRATE JUDGE DENLOW<br>MARGARET HOPKINS, STAR NO. ) CH<br>5545, STEVEN DEL BOSQUE, )<br>STAR NO. 15332, F. VILLAREAL, STAR )<br>NO. 10438, S. LECK, STAR NO. 2752, ) JURY DEMAND<br>T. SHERRY, STAR NO. 14103, PAUL )<br>ZOGG, STAR NO. 9345, T. PARKER, )<br>STAR NO. 6499 and other UNKNOWN )<br>CHICAGO POLICE OFFICERS, )<br>individually and as Employee/Agents of the )<br>the CITY of CHICAGO, and the CITY of )<br>CHICAGO, a Municipal Corporation )<br>)<br>Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES, FREDRICK CHILDRESS, (herein after referred to as "CHILDRESS"), by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICERS KEITH HERRERA, STAR NO. 17289, MARGARET HOPKINS, STAR NO. 5545, STEVEN DEL BOSQUE, STAR NO. 15332, F. VILLAREAL, STAR NO. 10438, S. LECK, STAR NO. 2752, T. SHERRY, STAR NO. 14103, PAUL ZOGG, STAR NO. 9345, T. PARKER, STAR NO. 6499 and other UNKNOWN CHICAGO POLICE OFFICERS Individually and as employee/agents of the CITY of CHICAGO, (hereinafter

referred to as "DEFENDANT OFFICERS") and the CITY OF CHICAGO, a municipal Corporation, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, CHILDRESS, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. The DEFENDANT OFFICERS were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On and before January 1, 2006 the DEFENDANT OFFICERS were members of the Chicago Police Department's Special Operations Section (S.O.S.).

6. On January 1, 2006 at approximately 1:30 a.m., two or more of the DEFENDANT OFFICERS kicked in the front door to the single family residence of plaintiff CHILDRESS located at 10615 S. Wabash in Chicago, Cook County, Illinois.

7. The DEFENDANT OFFICERS did not have a search warrant or any other legal basis to enter the home of CHILDRESS on January 1, 2006.

8. The Plaintiff CHILDRESS was not in violation of any law when the DEFENDANT OFFICERS entered his home on January 1, 2006.

2

9. Unaware of who had broken into his home and fearful for his life, CHILDRESS grabbed his dog and jumped out of his first floor bedroom window.

10. Defendant HOPKINS pointed her gun at the plaintiff and ordered the plaintiff to drop his dog and get on the ground.

11. The Plaintiff complied with the orderes of DEFENDANT HOPKINS and another male DEFENDANT OFFICER immediately placed a gun to the Plaintiff's head and yelled for other DEFENDANT OFFICERS to "shoot the dog!"

12. Defendant ZOGG and other DEFENDANT OFFICERS fired approximately 15 to 20 shots into Plaintiff's dog, laughing as they killed the animal.

13. The Plaintiff, on the ground with one of the DEFENDANT OFFICERS holding a gun to his head, cried out to the DEFENDANT OFFICERS that they didn't have to kill his dog.

14. The DEFENDANT OFFICER on top of the plaintiff placed his gun into the plaintiff's mouth and told him that if he opened his mouth again, he would kill him. This was done in the presence of DEFENDANT HOPKINS and other DEFENDANT OFFICERS.

15. DEFENDANT OFFICERS ZOGG and PARKER transported the plaintiff to the 5th District Chicago Police Station and conspired with other DEFENDANT OFFICERS to falsely charge the plaintiff with the felony offense of unlawful use of a weapon.

16. The DEFENDANT OFFICERS conspired to injure the Plaintiff and deny him a fair trial by: (a) generating false evidence in the form of witness statements and police reports and withholding exculpatory evidence in order to secure approval of felony charges against the Plaintiff from the Cook County State's Attorney's Office; (b) agreeing not to report each other after witnessing the Plaintiff being abused by certain DEFENDANT OFFICERS; and (c) generating false criminal complaints against the Plaintiff and other documentation to cover up for their own and each other's misconduct.

17. In connection and in furtherance of the above conspiracy, DEFENDANT ZOGG (a.) committed perjury before the Grand Jury of Cook County on January 18, 2006 and withheld exculpatory evidence from Cook County prosecutors in order to secure a criminal indictment against the plaintiff for the felony offense of Unlawful Use of a Weapon; and (b) committed perjury on May 16, 2006 before Cook County Judge John J. Mannion and withheld exculpatory evidence from Cook County prosecutors in criminal proceedings against the Plaintiff in Cook County criminal case number 06 CR 1664.

18. As a result of the misconduct of the DEFENDANT OFFICERS and conspiracy outlined above, the DEFENDANT OFFICERS by and through their conduct, denied the plaintiff his due process rights to a fair trial and proximately caused the plaintiff to be physically injured and suffer emotional damage.

19. All criminal charges against the plaintiff were subsequently dismissed by the Cook County State's Attorney's Office on November 5, 2007 in a manner indicative of the plaintiff's innocence.

## COUNT I
## 42 U.S.C. § 1983: Due Process Violation

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as fully stated herein.

21. As described above, DEFENDANT OFFICERS, while acting under color of law and within the scope of their employment as Chicago police Officers, violated plaintiff's right to Due Process, *inter alia*, by manipulating and/or tampering with witness statements and testimonial evidence and withholding exculpatory evidence from prosecutors. Absent this misconduct, the prosecution of the Plaintiff could not and would not have been pursued.

22. The misconduct described in this Count was undertaken intentionally, with

malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

. 23. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### § 1983 Conspiracy Claim

24. Plaintiff re-alleges and incorporates paragraphs 1-19 above as fully stated herein.

25. Pleading in the alternative as described more fully in paragraphs 1 through 19 above, Defendant ZOGG knowingly acted in concert with the other DEFENDANT OFFICERS to intentionally deprive plaintiff of his constitutional rights under color of law.

26. In furtherance of this conspiracy, DEFENDANT ZOGG and the other DEFENDANT OFFICERS committed overt acts of knowingly providing false information and testimony, withholding exculpatory evidence from prosecutors and generating false evidence against the Plaintiff.

27. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

28. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

29. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

30. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT III
### State Law Claim: Malicious Prosecution

31. Plaintiff re-alleges and incorporates paragraphs 1-19 above as fully stated herein.

32. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

33. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

34. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

35. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

36. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

37. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT IV
## State Law claim: Indemnification

38. Plaintiff re-alleges and incorporates paragraphs 1-19 above as fully stated herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

40. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

41. Plaintiff, FREDERICK CHILDRESS, respectfully requests that the Court grant the following relief against Defendants CHICAGO POLICE OFFICERS KEITH HERRERA, STAR NO. 17289, MARGARET HOPKINS, STAR NO. 5545, STEVEN DEL BOSQUE, STAR NO. 15332, F. VILLAREAL, STAR NO. 10438, S. LECK, STAR NO. 2752, T. SHERRY, STAR NO. 14103, PAUL ZOGG, STAR NO. 9345, T. PARKER, STAR NO. 6499 and other UNKNOWN CHICAGO POLICE OFFICERS :

a. Enter judgment in his favor and against the Defendants;
b. Award compensatory damages against the Defendants;
c. Award attorneys' fees against Defendants;
d. Award punitive damages against each individual Defendant Officer;
e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, FREDERICK CHILDRESS, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

s/ Jeffrey J. Neslund
Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
Tel:(312) 223-1100
Fax:(312) 781-9123